## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Owners Insurance Company and
Auto-Owners Insurance Company,

CASE NUMBER: _____

Plaintiff,

vs.

European Auto Works, Inc.,
d/b/a Autopia, and
Percic Enterprises, Inc.,

Defendants.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs Owners Insurance Company ("Owners") and Auto-Owners Insurance Company ("Auto-Owners"), as and for their Complaint against the above-named Defendants, state and allege as follows:

### THE PARTIES

#### I.

Plaintiffs are insurance companies incorporated under the laws of Michigan, with their principle places of business in Lansing, Michigan. At all times relevant hereto, Plaintiffs were duly authorized to do business as such in the State of Minnesota.

#### II.

Defendant European Auto Works, Inc., d/b/a Autopia ("Autopia"), on information and belief, is a Minnesota corporation with a principle place of business located at 2311 Hennepin Avenue South, Minneapolis, Minnesota, 55405.

III.

Defendant Percic Enterprises, Inc. ("Percic"), on information and belief, is a Minnesota corporation with a principal place of business at 3433 Broadway Street NE, Minneapolis, Minnesota, 55413.

## JURISDICTION AND VENUE

IV.

Plaintiffs incorporate and re-allege the allegations in Paragraphs I-III as if fully set forth herein.

V.

This is a Complaint for declaratory judgment pursuant to Minn. Stat. Ch. 555 and Minn. R. Civ. P. 57.

VI.

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as Owners and Auto Owners reside in a different state than Autopia and Percic.

VII.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c), as Autopia and Percic reside in this judicial District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## BACKGROUND

VIII.

Plaintiffs incorporate and re-allege the allegations in Paragraphs I-VII as if fully set forth herein.

IX.

Owners issued a Tailored Protection Policy to Autopia that includes a Garage Liability Coverage Form ("Garage Form") and a Commercial General Liability Coverage Form ("CGL Form"), policy number 44-348-999-000.  Both the Garage Form and CGL Form had effective dates of March 1, 2005, through March 1, 2006.

X.

Auto-Owners issued a Commercial Umbrella Insurance Policy ("Commercial Umbrella") to Autopia, policy number 44-348-999-01.  The Commercial Umbrella policy had effective dates of March 1, 2005, through March 1, 2006.

XI.

Autopia is the sole Defendant in the matter entitled *PERCIC ENTERPRISES, INC., Individually and as the representative of a class of similarly situated persons, Plaintiff, v. EUROPEAN AUTOWORKS, INC., d/b/a AUTOPIA, Defendant*, venued in the United States District Court, District of Minnesota, Fourth Division ("The Litigation").

XII.

The Complaint in the Litigation alleges that on December 8, 2005, Autopia sent fax advertisements to Percic in violation of the Telephone Consumer Protection Act ("TCPA"), which prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. 47 U.S.C. § 227. The Complaint in the Litigation further alleges, on information and belief, Autopia

sent similar faxes to more than 40 other persons.   The Complaint in the Litigation purports that its claims are brought on behalf of those "similarly situated" to Percic.

### XIII.

The Complaint in the Litigation further alleges that "junk faxes" cause the recipient to lose fax machine paper and toner; that they waste the recipient's time and that of its employees which time "would have been spent on Plaintiff's business activities"; and that they interrupt the recipient's "privacy interests in being left alone."

### XIV.

In Count I of the Complaint in the Litigation, Percic seeks relief pursuant to the TCPA, which provides for monetary and equitable relief.   Percic also asks the Court to certify the matter as a class action.

### XV.

In Count II of the Complaint in the Litigation, Percic brings a claim for conversion, alleging that the "unsolicited faxes" sent by Autopia "misappropriated" the "fax machines, toner, paper and employee time" of their recipients to its own use.   It is alleged that, by this misappropriation, Autopia "improperly and unlawfully converted" these fax machines and employees.   It is further alleged that Autopia "knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization."   It is further alleged that Autopia "effectively stole" the time of Percic employees and that Autopia "knew or should have known" that Percic's employees' time was "valuable" to Percic.

4

XVI.

Based upon these legal claims, in the Complaint in the Litigation Percic seeks class certification, $500 in damages for each violation of TCPA, additional damages of up to $75,000 per individual, injunctive relief prohibiting Autopia from engaging in further "statutory violations," and "additional relief."

**THE POLICIES**

XVII.

Plaintiffs incorporate and re-allege the allegations in Paragraphs I-XVI as if fully set forth herein.

XVIII.

The Garage Form obligates Owners to "pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law . . . for damages because of . . . bodily injury . . . or . . .  injury to or destruction of tangible property, including the loss of use thereof . . . neither expected nor intended from the standpoint of the insured and arising out of the hazards defined in Section II of this coverage form." The hazards defined in Section II are:

> The insurance under this division covers the ownership, maintenance, occupation or use of the premises for the purposes of an automobile repair shop, service station, storage garage or public parking place and all operations which are necessary or incidental thereto, including the use for any purpose in connection with the foregoing of any automobile not hired, registered or owned in whole or in part by the named insured, any partner or officer thereof.

The term "premises" is defined to mean "premises operated by the named insured for the purpose insured hereunder and includes the ways immediately adjoining but does not

include any portion of such premises upon which business operations are conducted by any other person or organization."

XIX.

The CGL Form obligates Owners to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies" and "those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. For "bodily injury" or "property damage" coverage to apply, the "bodily injury" or "property damage" must be caused by an "occurrence" and must "occur during the policy period."

XX.

The CGL Form defines "bodily injury" to mean "bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time." The term "property damage" is defined to mean "physical injury to tangible property including all resulting loss of use of that property" together with the "loss of use of tangible property that is not physically injured." The term "occurrence" is defined to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The term "personal injury" is defined to mean injury "other than 'bodily injury'" arising out of one or more of the following offenses:

a.    False arrest, detention or imprisonment;

b.    Malicious prosecution;

6

c.  The wrongful eviction from wrongful entry into or invasion of the right of private occupancy of a room, dwelling or premise that a person occupies by or on behalf of its owner, landlord or lessor;

d.  Oral or written publication in any manner of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

e.  Oral or written publication in any manner of material that violates a person's right of privacy.

The term "advertising injury" is defined to mean injury arising out of one or more of the following offenses:

a.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services in your "advertisement";

b.  Oral or written publication, in any manner, of material that violates a person's right of privacy in your "advertisement";

c.  The use of another's advertising idea in your "advertisement"; or

d.  Infringing upon another's copyright, "trade dress" or slogan in your "advertisement."

The term "advertisement" is defined to mean "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters." Under the CGL Form, coverage for "personal injury" and "advertising injury" only applies if "caused by an offense arising out of your business."

## XXI.

The CGL Form contains an exclusion for "bodily injury" or "property damage" which is "expected or intended from the standpoint of the insured." It also contains an exclusion for "personal injury" or "advertising injury" arising out of "oral or written

publication of material whose first publication took place before the beginning of the policy period." Also excluded is "personal injury" or "advertising injury" arising out of a "criminal act or violation of a penal statute or ordinance committed by or at the direction of the insured."   Also excluded are claims of "personal injury" or "advertising injury" which are "caused by or at the direction of any insured with the knowledge that the act would violate the rights of another and would inflict 'personal injury' or 'advertising injury.'"   Under the CGL Form, "advertising injury" which is "expected or intended by any insured" is also excluded.

XXII.

The CGL Form also contains a Fax Exclusion which states that coverage does not apply to claims of "bodily injury," "property damage," "personal injury," or "advertising injury" arising "directly or indirectly out of any action or omission that violates or is alleged to violate . . . the Telephone Consumer Protection Act ("TCPA") including, any amendment of or addition to such law."

XXIII.

The Commercial Umbrella policy obligates Auto-Owners to "pay those sums included in the term ultimate net loss that the insured becomes legally obligated to pay as damages because of . . . bodily injury; . . . property damage; . . . personal injury; or . . . advertising injury . . . to which this insurance applies caused by an incident." The term "ultimate net loss" is defined, generally, to mean the amount of the insured's liability through settlement or judgment.

## XXIV.

The Commercial Umbrella defines the term "bodily injury" as "bodily injury, sickness or disease." The term "property damage" is defined to mean "physical injury to tangible property, including all resulting loss of use of that property" together with the "loss of use of tangible property that is not physically injured." The term "personal injury" is defined to mean injury, other than bodily injury, arising out of one or more of the following offenses:

1. False arrest, detention or imprisonment;

2. Malicious prosecution;

3. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, by or on behalf of its owner, landlord or lessor;

4. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

5. Oral or written publication of material that violates a person's right to privacy; or

6. Discrimination or humiliation.

The term "advertising injury" is defined to mean an injury arising out of one or more of the following offenses committed in the course of advertising the insured's goods, products, or services:

1. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

2. Oral or written publication of material that violates a person's right of privacy;

9

3.      Misappropriation of advertising ideas or style of doing business; or

4.      Infringement of copyright, title or slogan.

With respect to "bodily injury" and "property damage," the term "incident" is defined to mean "an accident." With regard to "personal injury" or "advertising injury," the term "incident" is defined to mean "offenses committed by the insured resulting in personal injury or advertising injury."

### XXV.

The Commercial Umbrella policy excludes "bodily injury," "property damage," "personal injury," or "advertising injury . . . expected or intended from the standpoint of the insured." The Commercial Umbrella also excludes "personal injury" or "advertising injury . . . arising out of oral or written publication of material whose first publication took place before the beginning of the policy period." "Personal injury" or "advertising injury . . . arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured" is also excluded.

### DECLARATORY RELIEF

### XXVI.

Plaintiffs incorporate and re-allege the allegations in Paragraphs I-XXIV as if fully set forth herein.

### XXVII.

As they relate to Autopia, the claims at issue in the Litigation do not constitute claims of "bodily injury," "property damage," "personal injury," or "advertising injury" as those terms are defined in the Garage Form, CGL Form, or Commercial Umbrella.

XXVIII.

To the extent that claims of "bodily injury," "property damage," "personal injury," or "advertising injury" have been alleged in the Litigation as to Autopia, such "bodily injury," "property damage," "personal injury," or "advertising injury" would be excluded under one or more of the exclusions in the Garage Form, CGL Form, or Commercial Umbrella.

XXIX.

The claims at issue in the Litigation are not covered and/or are excluded under the Garage Form, CGL Form, and Commercial Umbrella.

XXX.

Plaintiffs have no duty to defend or indemnify Autopia in connection with the Litigation.

WHEREFORE, Plaintiffs Owners Insurance Company and Auto-Owners Insurance Company demand judgment as follows:

1.      Declaring that the claims at issue in the Litigation, as against Defendant European Auto Works, Inc. d/b/a Autopia, are not covered and/or are excluded under the Garage Form, CGL Form, and Commercial Umbrella policies issued by Plaintiffs;

2.      Declaring that Plaintiffs have no duty to defend or indemnify Defendant European Auto Works, Inc. d/b/a Autopia in the Litigation;

3.    For such further and additional relief and/or declarations as the Court deems just and equitable.

Dated: _____6/29_____, 2010

_____

Timothy P. Tobin #127887
Brock P. Alton #0388335
GISLASON & HUNTER LLP
Attorneys for Plaintiffs
701 Xenia Avenue South, Suite 500
Minneapolis, MN 55416
Phone: 763-225-6000